UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Andres R., | File No. 26-cv-1033 (ECT/EMB) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement*; David Easterwood, *Acting Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; Pamela Bondi, *U.S. Attorney General*; Executive Office for Immigration Review; Warden, *ERO Ft. Snelling, Detention Facility, Ft. Snelling, Minnesota*, | |
| Respondents. | |

Kimberley Woods, Khanh Nguyen Law Office, Minneapolis, MN, for Petitioner Andres R.

Trevor Brown, David W. Fuller, and David R. Hackworthy, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, David Easterwood, Pamela Bondi, Executive Office for Immigration Review, and Warden, ERO Ft. Snelling Detention Facility.

Petitioner Andres R. is a Mexican citizen who "entered the [United States] on or around 2000 near Douglas, Arizona." Pet. [ECF No. 1] ¶¶ 3, 24. Andres "did not encounter [Department of Homeland Security] officials" when he entered the country. *Id.* ¶ 3. Andres "was convicted of a DWI in July of 2015 in Hennepin County, Minnesota, at which

time he was detained and placed into removal proceedings." *Id.* ¶ 4. Andres "was subsequently released and has a pending application for Cancellation of Removal before the [Executive Office for Immigration Review] court at Ft. Snelling, Minnesota." *Id.* ¶ 5; *see* ECF No. 5-4 ("Application to Register Permanent Residence or Adjust Status."). Andres "is currently scheduled for a Master Calendar hearing before the [immigration judge] . . . on February 23, 2026." Pet. ¶ 6. According to the Petition, Andres "has fully complied with all [Department of Homeland Security] requirements since his 2015 release[,] including all court appearances, biometrics, and [Immigration and Customs Enforcement] check-ins." *Id.* ¶ 7. On February 4, 2026, Andres "was re-detained . . . while complying with his check-ins." *Id.* ¶ 9. When his Petition was filed, Andres was "in the physical custody of Respondents at the ERO Ft. Snelling Detention Facility at Ft. Snelling, Minnesota." *Id.* ¶ 1. After his Petition was filed, the Court requested that Andres supplement the Petition, "clarifying whether [Andres] is subject to a final order of removal that has become administratively final, and if [Andres] is subject to an administratively final order of removal, explaining why [Andres] is not subject to detention under 8 U.S.C. § 1231(a)." ECF No. 4. In that supplement, Andres asserts that he "is *not* subject to a final order of removal." ECF No. 5 ¶ 2. The supplement also stated that after the Petition's filing, Andres was transferred to "ERO El Paso Camp East Montana" in El Paso, Texas. ECF No. 5-5 at 1; *see* ECF No. 5 ¶ 5. Respondents do not challenge the Petition's facts. *See* ECF No. 8.

Andres challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 18. According to Andres, his detention violates his right to due process under the Fifth Amendment and the Administrative Procedure Act ("APA"). *See* Pet. ¶¶ 31–41.

Andres's Petition is unclear for several reasons. (1) The Petition asserts a violation of the Fifth Amendment Due Process Clause, but it does not explain what process Andres was due. Nor does the Petition describe, other than generally, how the *Mathews v. Eldridge* factors "weigh heavily in the favor of the Petitioner." Pet. ¶ 33; *see* 424 U.S. 319, 335 (1976). (2) The Petition asserts an APA claim, but it provides only a general statement that "Respondents through its [sic] recent administrative decision failed to articulate any reasonable explanations for new [sic] interpretation of the Act," and that this "represents a change in the agencies' policies and positions that negates the plain language of the Act, the will of Congress, and decades of administrative precedent." Pet. ¶ 41. The Petition provides no further basis for the APA claim. (3) The Petition cites cases that analyze habeas petitions under 8 U.S.C. §§ 1225 and 1226, *see* Pet. ¶ 35, but the Petition mentions 8 U.S.C. § 1225 only once—as a sub-heading for Andres's APA claim, *see* Pet. at 9 (under "Count Two," stating "Detaining Petitioner Pursuant to an Unlawful Interpretation of 8 U.S.C. § 1225(b)(2) violates the Administrative Procedure Act"). The Petition does not reference § 1226, nor does it connect any of its facts to an analysis under §§ 1225 or 1226. This leads me to conclude that Andres has not asserted claims under those statutes. (4) The Petition references *Zadvydas v. Davis*, 533 U.S. 678, 687, 690 (2001), without any analysis as to how that case may apply to Andres's present detention. *See* Pet. ¶¶ 1, 34, 43. (5) The Petition once references "*Bautista*," *see* Pet. ¶ 32, perhaps referring to *Maldonado*

3

*Bautista v. Santacruz*, --- F. Supp. 3d. ---, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), but with no reference to how or why that case would apply.  *See also* ECF No. 5 ¶ 11 (stating that "[t]he Respondents are bound by, and Petitioner is entitled to release pursuant to[,] Bautista").[1]

Andres has neither identified a federal statute that Respondents are violating by detaining Andres, nor articulated a plausible constitutional argument to support his release. Andres's Petition will be denied without prejudice to its re-filing.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Andres R.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 10, 2026              s/ Eric C. Tostrud
                                       Eric C. Tostrud
                                       United States District Court

---

[1] Respondents' one-paragraph answer is likewise perplexing, considering the nature of Andres's Petition.  The answer states that "Petitioner filed this petition . . . *to secure a bond hearing* in connection with Petitioner's detention by U.S. Immigration and Customs Enforcement."  ECF No. 8 (emphasis added).  Although Andres mentions that ICE refused to set bond, *see* Pet. ¶¶ 13, 24, he does not tie this failure to set bond to the Petition's claims, nor does he request a bond hearing as relief.  *See* Pet. at 11–12.